# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **CLYEFER E. BASS, SR.** | * | **CIVIL ACTION NO. 05-1715** |
| **VERSUS** | * | **JUDGE JAMES** |
| **AENEAS WILLIAMS DEALERSHIP and WILLIAMS AUTOMOTIVE GROUP, LLC** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is an unopposed Motion to Dismiss filed by defendants Aeneas Williams Dealership ("AWD") and Williams Automotive Group ("WAG") (collectively "Defendants"). [Document No. 6]. For reasons stated below, it is recommended that the motion be **GRANTED.**

## BACKGROUND

This action arises out of Defendants' termination of plaintiff Clyefer E. Bass ("Bass") from employment as an automobile mechanic. Bass alleges that Defendants terminated him because of his race and thus violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Bass, a Louisiana resident, filed his complaint against Defendants, two Louisiana business entities, on September 29, 2005.

Defendants seek dismissal pursuant to Rules 12(b)(5) and Rule 4(m) of the Federal Rules of Civil Procedure due to Bass' alleged insufficient service of process. According to Defendants, service was not made in compliance with Rule 4(h)(1) when, on February 15, 2005, plaintiff's counsel's office manager sent by certified mail a copy of the complaint and a single summons to Achilles D. Williams as agent for service of Defendants. Defendants claim that, under Rule 4(h), which permits service of process in accordance with state law, service by certified mail upon an agent of a corporation is invalid under Louisiana law. Therefore, Defendants claim that proper

service of process has not been effectuated within the 120 day period established in Rule 4(m).

## LAW AND ANALYSIS

Rule 4(h)(1) provides two methods of for effecting service upon corporations and business associations located in the United States. *See* Fed. R. Civ. P. 4(h)(1). First, a plaintiff may effect service under the law of the state in which the district court is located or in which service is effected. *Id.* Under Louisiana law, service of process on a domestic corporation is made by personal service on any one of its agents for service of process. *See* La. Code Civ. Proc. Ann. arts. 1261(A), 1266(A), 1232. Second, service upon a corporation or business association may be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1). In addition to these two methods, a plaintiff may also effect service by requesting and filing a waiver of service under Rule 4(d).

Bass' service of Defendants by sending, through certified mail, a copy of the complaint to Defendants' registered agent was ineffective because it did not comply with the personal service requirements of Louisiana law or Rule 4(h)(1). Bass has not obtained a waiver of service and has failed to respond to Defendants' motion or to offer any evidence to suggest that service was proper. Bass has failed to effectuate proper service of process on the Defendants, and the delays for doing so have long since lapsed. Therefore, pursuant to Rules 12(b)(5) and 4(m), it is recommended that Defendants' motion to dismiss due to insufficient service of process be **GRANTED** and that this case be **DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 31st day of May, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE